**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Jason Lockard, ) | |
| ) | Civil Action No.: 6:21-cv-00956-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Levern Cohen, John Andrew Wiggins, ) | |
| Lt. James Walker, James Williams, ) | |
| Heather Francis, Ofc. Mitchell, Capt. ) | |
| Patrick, Demetria Allen, Bryan Starlin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Jason Lockard filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 26), filed on July 2, 2021, recommending this court decline to give Plaintiff further leave to amend his Complaint and dismiss this action with prejudice and without issuance and service of process. (ECF No. 26.) For the reasons set forth below, the court **ACCEPTS** the Report, adopts its findings herein, and **DISMISSES** this case.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts, which this court incorporates herein without a full recitation. In summary, Plaintiff alleges that, while he was a state prisoner in the custody of the South Carolina Department of Corrections at Ridgeland Correctional Institution, Defendants violated his constitutional rights by failing to protect him from another inmate and failing to provide medical attention. (ECF No. 22 at 8.)

1

Plaintiff filed his Complaint on April 1, 2021. (ECF No. 1.) On June 4, 2021, the Magistrate Judge filed an order informing Plaintiff his Complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted. (ECF No. 20.) Plaintiff was further informed that he could attempt to cure the defects by filing an amended complaint within fourteen (14) days, but if he failed to cure the defects outlined in the order, the Magistrate Judge would recommend this case be dismissed. (*Id.* at 5–6.) Upon finding Plaintiff's Amended Complaint (ECF No. 22) also failed to state a claim upon which relief may be granted, the Magistrate Judge submitted its Report on July 2, 2021, recommending summary dismissal of the case. (ECF No. 26.)

## II.   ANALYSIS

The Magistrate Judge began by noting that Plaintiff's *pro se* pleadings would be accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. (ECF No. 26 at 3 (citing *Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).) To state a claim under § 1983, the Magistrate Judge explained, Plaintiff "must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." (*Id.* (citing *West v. Atkins*, 487 U.S. 42, 48 (1988).) The Magistrate Judge further explained that "to plausibly state a failure to protect claim under the Eighth Amendment, a plaintiff must allege sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk." (*Id.* at 4 (first citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); and then citing *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004)).) Likewise, the Magistrate Judge noted, "to plausibly allege a deliberate indifference to medical needs claim requires alleging a serious medical need and a defendant's knowing disregard of 'that

need and the substantial risk it posed.'" (*Id.* (quoting *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018)).)

As an initial matter, the Magistrate Judge noted that Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act, codified as amended at 42 U.S.C. § 1997e(a). (ECF No. 26 at 4 (first citing *Jones v. Bock*, 549 U.S. 199, 211 (2007); and then citing *Battle v. Ledford*, 912 F.3d 708, 711 (4th Cir. 2019)).) Additionally, the Magistrate Judge found that Plaintiff did not allege "how each of the defendants were responsible for the violations, nor has he indicated that he challenges an institutional policy" sufficient to hold Defendants liable in a supervisory capacity.[1] (*Id.* at 6.) Accordingly, the Magistrate Judge found Plaintiff failed to cure the deficiencies in his Complaint and recommended this court decline to give Plaintiff further leave to amend his Complaint and dismiss this action with prejudice. (*Id.* at 6–7 (first citing *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018); and then citing *Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020)).)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] As the Magistrate Judge explained, to allege a § 1983 claim against a defendant in his or her supervisory capacity, Plaintiff must show the supervisor:

> (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff.

(ECF No. 26 at 6 (citing *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013)).)

3

determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.     CONCLUSION

Here, none of the parties have objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated within the Report. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2021
Columbia, South Carolina

4